UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------

RANDALL G. STEPHENS      :

         Plaintiff,      :     CASE NO. 1:05-CV-2715

vs.      :     OPINION & ORDER
               :     [Resolving Doc. No. 28.]

MICHAEL J. ASTRUE,      :
Commissioner of Social Security      :

         Defendant.      :

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Before the Court is Plaintiff Randall G. Stephens's motion to reopen for reinstatement of disability insurance benefits with a mandatory injunction. [Doc. 28.] For the reasons stated below, the Court **DENIES** Plaintiff Stephens's motion and the accompanying request for a mandatory injunction.

**I. Background**

In October 1969, Plaintiff Stephens suffered a knee injury while working for Union Carbide Corporation. In September 1973, the Social Security Administration ("SSA") determined that he was fully disabled and eligible for disability benefits. [Doc. 11 at 3.] Over eight years later, on February 9, 1982, the SSA notified Stephens that it would be terminating his disability benefits because it had determined that, as of April 1981, he was able to perform substantial gainful work.[1]

---

[1] The SSA defined substantial gainful work as the ability to perform most jobs, including the following physical functions: "walking, sitting, standing, lifting, pushing, pulling, reaching, carrying, or handling." [Doc. 1 at 3.]

Case No. 1:05-CV-2715
Gwin, J.

[Doc. 1 at 2.] The Plaintiff appealed the determination, and, upon reconsideration, the SSA reaffirmed its earlier decision. It informed Stephens that, in accordance with SSA policies, his benefits would terminate in July 1982. [*Id.*]

The Plaintiff appealed the benefits termination to an Administrative Law Judge, then to the Appeals Council, and finally to this Court. [*Id.*] On July 20, 1984, this Court remanded the determination for reconsideration consistent with the intervening change in law stated in *Haynes v. Secretary of Health & Human Services*, 734 F.2d 284 (6th Cir. 1984).[2] Upon reconsideration, the SSA affirmed its earlier finding. [*Id.* at 5-6.] The Plaintiff again appealed the determination to the Administrative Law Judge, the Appeals Council, and this Court, all of which affirmed the SSA's decision that the Plaintiff did not qualify for disability benefits. [*Id.* at 6-7.] The Plaintiff appealed this Court's holding to the Sixth Circuit. On November 22, 1995, the appeal was dismissed for lack of prosecution because the Plaintiff failed to timely file a brief. [*Id.* at 7.] In April 1997, the Plaintiff filed a motion requesting that his appeal be reinstated, but the Plaintiff says that the Sixth Circuit never responded. [*Id.* at 7-8.]

On November 18, 2005, the Plaintiff filed a *pro se* Complaint in this Court. [Doc. 1.] He asked the Court to review and overturn the SSA's benefits determination and to grant him a retroactive award of benefits. [*Id.* at 9-10.] The Plaintiff also requested that the Court issue a writ of *mandamus* regarding the SSA's fundamentally discretionary determination of whether to reopen his file for consideration. [*Id.* at 10-13.] In response, the SSA filed a motion to dismiss. [Doc. 11.]

On May 18, 2006, Magistrate Judge William J. Baughman, Jr. issued a Report and

---

[2] *Haynes* established a presumption of ongoing disability, but the Social Security Disability Reform Act of 1984, Pub. L. 98-460, supersedes that presumption. *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994).

Case No. 1:05-CV-2715
Gwin, J.

Recommendation recommending that the Court dismiss Plaintiff Stephens's Complaint for failure to state a claim. [Doc. 16.] The Plaintiff objected to the Magistrate Judge's Report and Recommendation within the statutorily provided 10 day period. This Court adopted in full the Magistrate Judge's Report and Recommendation following *de novo* review on June 20, 2006. [Doc. 20.] Specifically, the Court found that it was without power to issue a writ of *mandamus* pursuant to the Plaintiff's request, [*id.* at 4], and that the SSA's decision not to reopen the Plaintiff's claim was not a final determination under the statute, and was therefore not reviewable under § 405(g), [*id.* at 4-5.]

Plaintiff Stephens appealed the Court's dismissal of his case to the Sixth Circuit on January 16, 2007. [Doc. 22.] On June 19, 2007, the Plaintiff filed a motion to reconsider the Court's June 20, 2006 opinion and order dismissing his case with the Court. [Doc. 25.] The Sixth Circuit dismissed the notice of appeal and denied the Plaintiff's motion for leave to file the motion for reconsideration with the Court on August 1, 2007. [Doc. 26.] Accordingly, on August 3, 2007, the Court denied the Plaintiff's motion for reconsideration. [Doc. 27.] On April 1, 2009, the Plaintiff filed a *pro se* motion to reopen for reinstatement of disability insurance benefits with an accompanying request for a mandatory injunction. [Doc. 28.]

## II. Legal Standard

*A. SSA Determinations*

The Social Security Act (the "Act") provides for judicial review of the Commissioner of Social Security's final decisions on issues determined through hearings. 42 U.S.C. § 405(g). The Commissioner's factual findings are conclusive so long as they are supported by "substantial evidence." *Id.* Decisions made without hearings are not "final" as the term is used in the Act.

-3-

Case No. 1:05-CV-2715
Gwin, J.

*Redding v. Apfel*, No. 99-3876, 2000 WL 1529805, at *2 (6th Cir. Oct. 6, 2000).

*B. Mandatory Injunction*

A mandatory injunction is a form of preliminary injunctive relief that does not preserve the status quo, but rather requires affirmative action. *Ne. Ohio Coal. for Homeless & Serv. Employees Int'l Union, Local 1199 v. Blackwell*, 467 F.3d 999, 1006 (6th Cir. 2006). The Sixth Circuit has held that "the difference between mandatory and prohibitory injunctive relief does not warrant application of differing legal standards . . . . [and] that the traditional preliminary injunctive standard – the balancing of equities – applies to motions for mandatory preliminary injunctive relief as well as motions for prohibitory preliminary injunctive relief." *United Food & Commercial Workers Union, Local 1099 v. Sw. Ohio Reg'l Transit Auth.*, 163 F.3d 341, 348 (6th Cir. 1998).

To determine whether a mandatory preliminary injunction is necessary, a district court would thus weigh the same factors as it would in deciding whether a prohibitory preliminary injunction is appropriate: "(1) whether the movant has a 'strong' likelihood of success on the merits; (2) whether the movant would otherwise suffer irreparable injury; (3) whether issuance of a preliminary injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of a preliminary injunction." *Id.* at 347.

*C. Motion to Reopen*

A post-judgment motion to reopen is more appropriately deemed a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e) (if it is filed within 10 days after the entry of the district court's judgment) or a motion for relief from a judgment or order under Federal Rule of Civil Procedure 60(b) (if it is filed within a reasonable time and, for certain reasons, no longer than a year after the entry of the district court's judgment). *See Gunther v. Ohio Dep't of Corr.*, No. 98-

-4-

Case No. 1:05-CV-2715
Gwin, J.

4462, 1999 WL 1045168, at *1 (6th Cir. Nov. 9, 1999) ("Gunther's post-judgment 'motion to reopen' was properly deemed filed under Fed. R. Civ. P. 60(b) because it was not filed within [10] days after entry of the district court's judgment, the period during which a timely Fed. R. Civ. P. 59(e) motion . . . must be filed.").

1. Motion to Alter or Amend Judgment Under Rule 59(e)

A motion to alter or amend judgment, also known as a motion to vacate or reconsider, *Smith v. Hudson*, 600 F.2d 60, 62 (6th Cir. 1979), is extraordinary and is seldom granted because it contradicts notions of finality and repose, *Wells Fargo Bank v. Daniels,* No. 1:05-CV-2573, 2007 WL 3104760, at *1 (N.D. Ohio Oct. 22, 2007); *Plaskon Elec. Materials, Inc. v. Allied-Signal, Inc.*, 904 F. Supp. 644, 669 (N.D. Ohio 1995). In addition, Fed. R. Civ. P. 59(e) states that "[a]ny motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment."

A court may grant a motion to amend or alter judgment if a clear error of law or newly discovered evidence exists, an intervening change in controlling law occurs, or to prevent manifest injustice. See *Gencorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). "It is not the function of a motion to reconsider either to renew arguments already considered and rejected by a court or 'to proffer a new legal theory or new evidence to support a prior argument when the legal theory or argument could, with due diligence, have been discovered and offered during the initial consideration of the issue.'" *McConocha v. Blue Cross & Blue Shield Mut. of Ohio*, 930 F. Supp. 1182, 1184 (N.D. Ohio 1996) (quoting *In re August 1993 Regular Grand Jury*, 854 F. Supp. 1403, 1408 (S.D. Ind. 1994)). When the "defendant views the law in a light contrary to that of this Court," its "proper recourse" is not by way of a motion for reconsideration "but appeal to the Sixth Circuit." *Dana Corp. v. United States*, 764 F. Supp. 482, 489 (N.D. Ohio 1991).

Case No. 1:05-CV-2715
Gwin, J.

2. Motion for Relief From a Judgment or Order Under Rule 60(b)

Rule 60(b) establishes that, upon motion, "the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding" for six specific reasons. Fed. R. Civ. P. 60(b). These reasons include: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

In the Sixth Circuit, relief from judgment under Rule 60(b)(6) – the catch-all provision – is available "only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." Olle v. Henry & Wright Corp., 910 F.2d 357, 365 (6th Cir. 1990) (citations omitted). Under Rule 60(c)(1), "a motion under Rule 60(b) must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."

### III. Analysis

In this case, the basis of Plaintiff Stephens's motion to reopen is unclear. Because the Plaintiff's motion does not meet the requirements of either Rule 59(e) or Rule 60(b) and the Plaintiff does not satisfy the standard for the issuance of a mandatory injunction, the Court denies the motion to reopen and the accompanying request for injunctive relief.

First, the Plaintiff's motion to reopen was filed more than 10 days – in fact, nearly three

Case No. 1:05-CV-2715
Gwin, J.

years – after the entry of judgment, making it untimely under Rule 59(e). Moreover, the Plaintiff wholly fails to demonstrate in his motion that a clear error of law or newly discovered evidence exists, an intervening change in controlling law has occurred, or that the motion must be granted to prevent manifest injustice.

Second, the Plaintiff does not specify why his motion should be granted under Rule 60(b). Even assuming that the Plaintiff intended to bring his motion under Rule 60(b)(6), the catchall provision, he has not demonstrated why his case presents such exceptional or extraordinary circumstances that relief from judgment must be granted. Finally, the Plaintiff does not set out any facts in his motion to reopen that would permit the Court to find that it must issue a mandatory injunction in this case. As a result, the Court denies Plaintiff Stephens's motion to reopen and the accompanying request for injunctive relief.

### IV. Conclusion

For the foregoing reasons, the Court **DENIES** Plaintiff Randall G. Stephens's motion to reopen for reinstatement of disability insurance benefits and the accompanying request for a mandatory injunction.

IT IS SO ORDERED.

Dated: April 3, 2009              s/ *James S. Gwin*
                                                              JAMES S. GWIN
                                                              UNITED STATES DISTRICT JUDGE